**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No.    1210010331 |
| | ) | |
| | ) | |
| JORGE RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 3, 2015
Decided: July 29, 2015

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT**

**DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF**
**SHOULD BE DENIED.**

Christina Kontis, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorney for the State.

Natalie S. Woloshin, Esquire, Attorney at Law, 3200 Concord Pike, P.O. Box 7328, Wilmington, Delaware, 19803, Attorney for Defendant.

**MANNING**, Commissioner

This 29th day of July, 2015, upon consideration of defendant Jorge Rivera's Motion for Postconviction Relief, the Court finds the following:

## FACTS AND PROCEDURAL HISTORY

On February 24, 2015, Rivera pled guilty to Assault Second Degree and Possession of a Firearm During the Commission of a Felony. Rivera was sentenced immediately to four years of unsuspended Level V time, followed by probation. Rivera did not file an appeal to the Delaware Supreme Court. The offenses are alleged to have occurred on January 14, 2012; however, Rivera was not arrested until February 4, 2014. Due to a conflict of interest with first appointed defense counsel, Natalie Woloshin ("Defense Counsel") was appointed to represent Rivera on September 23, 2014.[1] The facts underlying Rivera's charges are unimportant to his Rule 61 claims and need not be recited here.

## DEFENDANT'S RULE 61 CLAIM

Rivera timely filed his first *pro se* motion for postconviction relief with this Court on March 19, 2015. Defense Counsel filed an Affidavit, with attachments, denying Rivera's claims, on April 21, 2015. Rivera filed a Response to Defense Counsel's Affidavit on May 20, 2015. The State elected not to file a response.

Rivera's claims for postconviction relief are as follows:

1. Ineffective Counsel/Attorney Misconduct. I never received my police report or my Rule 61, and when I asked Mrs. Woloshin she responded by saying she couldn't provide me with the information because it was sealed.

2. Denial Right to Speedy Trial. The State postponed trial numerous times due to lack of physical evidence, witness testimony, and the state explained significant problems locating witnesses.

---

[1] D.I. # 75.

1

3. Ineffective Counsel/Attorney Misconduct. I continued to tell Mrs. Woloshin that I wanted to go to trial and I didn't want a plea agreement but she coerced me to signing a plea by promising probation.

4. Ineffective Counsel/Attorney Misconduct. My attorney knows I don't speak English and she never provided an interpreter to translate our lawyer/client conversation, so she couldn't properly represent me, if she could not understand me.

## LEGAL STANDARD

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[2] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[3]

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[4]

Mere allegations of ineffectiveness will not suffice; a defendant must make and substantiate concrete allegations of actual prejudice.[5] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[6]

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[3] *Id.*
[4] *Id.* at 697.
[5] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[6] *Strickland*, 466 U.S. at 691.

2

Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that defense counsel's conduct fell within a wide range of reasonable professional assistance.[7]  Moreover, there is a strong presumption that defense counsel's conduct constituted sound trial strategy.[8]  Finally, and most germane to the present case, "[c]onclusory allegations are insufficient to establish a claim of ineffective assistance of counsel.[9]

### Ground One

Defense Counsel responds that she did not provide Rivera with copies of his police reports and Rule 16 for a number of reasons.  First, Rivera does not speak or read English and all of the documents are written in English.  Second, there was a Protective Order in place which prohibited Defense Counsel from disclosing certain information to Rivera.  Third, Defense Counsel was concerned that other inmates, who would be utilized to read the documents to Rivera, could then attempt to use the information contained in the reports against Rivera as a bargain tool in their own criminal cases.[10]

Moreover, Defense Counsel states that "[w]hile I did not send Mr. Rivera police reports, I met with him on several occasions with the help of an interpreter and went through the contents of the police reports."[11]  Attached to Defense Counsel's Affidavit are invoices for interpreter services.  The invoices reflect that Defense Counsel met with Rivera at least four times between November 2014 and February 2015, with a Spanish interpreter present, at "Gander Hill" (the jail housing Rivera).  The invoices also reflect

---

[7] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988); *Salih v. State*, 2008 WL 4762323, at *1 (Del. Oct. 31, 2008).
[8] *Strickland*, 466 U.S. at 688-689.
[9] *Younger*, 580 A.2d at 555.
[10] Aff. of Def. Counsel at 2.
[11] *Id*.

that the same interpreter was present for the entry of the guilty plea and sentencing on February 24, 2015.

Defense Counsel's decisions in this regard strike the Court and savvy, practical, and ultimately, to Rivera's benefit. Based on this record, Defense Counsel's actions were professionally reasonable and did not prejudice Rivera; this claim should be denied.

## Ground Two

Rivera, presumably, is claiming that his right to a speedy trial was violated due to the numerous delays leading up to the day the case was scheduled for trial. The Court notes that Rivera was arrested on February 4, 2014 and his trial, ultimately, was scheduled for February 24, 2015—slightly more than one year after his arrest. In her Affidavit, Defense Counsel noted that the case had a "tortured history with respect to scheduling" and that new counsel had to be appointed due to a conflict of interest that arose during the pendency of the case. In any event, the proper forum for Rivera to have raised this speedy trial claim was on direct appeal to the Delaware Supreme Court. Rivera does not allege that Defense Counsel was responsible for the delay, as it is, through her negligence or professional misconduct. Because Rivera did not raise this issue on a direct appeal, it is procedurally barred under Rule 61(i)(3).[12] It is well settled law that a reviewing court need not consider the merits of a Rule 61 motion if the motion is procedurally barred.[13]

This claim is meritless, procedurally barred, and should be denied.

---

[12] Rule 61(i)(3) Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of the court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

[13] *Younger*, 580 A.2d at 554.

4

## **Ground Three**

Rivera claims that Defense Counsel "coerced [him] [into] signing a plea by promising probation." Rivera's claims in this instance are belied by the record. Both the Guilty Plea Agreement and the Truth-In-Sentencing Form clearly indicated that the charges Rivera plead guilty to carry a minimum mandatory sentence of three years incarceration at Level V, up to a maximum 33 years at Level V. Defense Counsel also stated that on the day of the plea all conversation took place with the assistance of an interpreter and Rivera entered the guilty plea with the assistance of an interpreter.[14] Rivera has failed to present the Court with any reason to doubt Defense Counsel's statements in this regard or that his plea was not knowingly made.

As to Rivera's "coercion" claim, Defense Counsel conceded in her Affidavit that her conversations with Rivera became "heated," but denies that she ever coerced him. Defense Counsel stated that she "gave him a very honest assessment of how I thought the case would play out if he did not accept the plea," but that Rivera "did not like a lot of what I said to him because they weren't things that he wanted to hear."[15]

All of this makes perfect sense to the Court. A defense attorney who does not objectively assess a case, advising the client accordingly, does a disservice to the client in the end. It is the job of a criminal defense attorney to be frank and honest with his or her client; it is *not* the job of a defense attorney to simply mollify the situation by telling the client what he or she "wants" to hear during the course of the case. In this case, Defense Counsel has been a member of the Delaware Bar since 1995 and a criminal defense attorney since 2005—education, training and experience Rivera simply does not possess.

---

[14] Aff. of Def. Counsel at 3.
[15] *Id*. at 2.

Ultimately, there is nothing in the record to support Rivera bare assertions against Defense Counsel, and they should be denied.

## Ground Four

Rivera's final claim is that Defense Counsel "never provided an interpetor [sic] to translate our lawyer/client conversation, so she couldn't properly represent me, if she could not understand me."

Not only does Defense Counsel deny this allegation, but she has provided documentation proving that an interpreter was present during their multiple conversation at the jail and in court the day of the guilty plea. Based on the record before the Court, Rivera's claim is patently false.

For the foregoing reasons, Rivera's Motion should be DENIED.

**IT IS SO RECOMMENDED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner


oc:     Prothonotary
cc:     Defendant